## Harris vs. Earle's Ex'rs.

1817.
JUNE

Harris
vs
Earle

E H by an agreement in writing, engaged, for value received of J E, to assign to him $150 of a judgment recovered by R G against J L by the 20th of August 1810, or to pay to J E $150, with interest. E H obtained from R G on the 18th of July 1810, an assignment of the judgment he had recovered against J L, which was for l75 damages and 6761 lbs tobacco, costs, rendered on the 17th of April 1804, a short copy of which judgment, with the assignment of R G, was transmitted by E H to J E before the 20th of August 1810, and which J E refused to receive, and it was returned to E H in July 1811 E H received from J L on account of the judgment $291 30, on the 30th of November 1810, leaving, if interest could be demanded on the judgment, a greater amount than $150 In an action of assumpsit by J E against E H to recover the $150, and interest—Held, that he was entitled to recover

APPEAL from *Baltimore* County Court. *Assumpsit.* 1. On a special agreement—to assign a certain judgment to the amount of $150, and interest, or to pay that sum and interest, &c. 2. General *indebitatus assumpsit* for money had and received. *Non assumpsit* pleaded. On the trial the plaintiffs read in evidence the following agreement, which it was admitted the defendant had executed at the period it purports to bear date, viz.

"*Baltimore*, June 26, 1810.

For value received, I do hereby promise and engage to have assigned to *James Earle,* junior, of *Easton*, $150 of the judgment rendered in the late general court for the *E. S.* in the name of —— *Gray,* against *James Lloyd*, on which there was an appeal, and in which appeal bond said *Earle* became the security of said *Lloyd.* And I do hereby promise and engage, that the said $150 of the above judgment, shall be due and free from all prior assignments and incumbrances whatever, and entitled to draw interest from this day till paid; and that this assignment shall be made and delivered to said *Earle* in *Easton* on or before the 20th day of next August, or that I will pay said *Earle* on the 1st day of September the said sum of $150, with legal interest from this day in cash.

*Edward Harris.*"

The defendant then gave evidence, that he did procure the said *Gray,* in said agreement mentioned, who was the *Richard Gray* herein after mentioned, to assign and transfer to him the judgment in said agreement mentioned, a short copy of which judgment, and the assignment thereof by *Gray,* the plaintiff in said judgment, to the defendant, he gave in evidence, being a judgment rendered on the 17th of April 1804, for £75 damages, and 6761 wt. tobacco, costs; and the assignment of said judgment from *Gray* to the defendant, was dated 18th of July 1810. It was admitted by the plaintiffs, that the defendant did, within the time prescribed in said agreement for the assignment therein mentioned, transmit the said short copy of the judgment, and the said assignment thereon, from *Gray* to him, to his agent at *Easton*, with orders to deliver the said assignment and judgment to *Earle*, for the purpose of complying with his engagement of assigning $150 part of the said judgment to *Earle*, which delivery, for the purpose aforesaid, was made by the agent of the defendant. But the defendant never made any written assignment of the said $150, part of said judgment, nor caused the same to be done in any other manner than by the delivery of said judgment and assignment as aforesaid to *Earle*. That *Earle* returned said judgment and assignment from *Gray* to the defendant, sometime in the month of July 1811, and before the institution of the present suit. That the defendant received from *James Lloyd*, on account of the said judgment, the sum of $291 and 30

cents, on the 30th of November 1810, and after the paper aforesaid, purporting to be an assignment from *Gray* to the defendant, was transmitted and delivered to *Earle*; and that if interest could be demanded and received on said judgment, that there would still have been due and owing thereon a greater amount than $150. The plaintiff then moved the court for their opinion and direction to the jury, that if they believed the facts so given in evidence and admitted, the plaintiffs are entitled to recover. Which direction and opinion the Court, [*Bland*, A. J.] accordingly gave. The defendant excepted; and the verdict and judgment being against him, he appealed to this court.

The cause was argued before CHASE, Ch. J. and JOHNSON, MARTIN, and DORSEY, J. by

*Winder*, for the Appellant, and by *Hoffman*, for the Appellees.

### JUDGMENT AFFIRMED.